UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| HUI GUI CHEN | : | DOCKET NO. 6:14-cv-3351<br>Section P |
|---|---|---|
| VS. | : | JUDGE DOHERTY |
| ERIC HOLDER, ET AL. | : | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the court is Hui Gui Chen's petition for writ of *habeas corpus* filed on December 1, 2014 pursuant to 28 U.S.C. § 2241. Petitioner is in the custody of the Department of Homeland Security/Bureau of Immigration Customs Enforcement (DHS/ICE). He is presently detained at the South Louisiana Correctional Center in Basile, Louisiana. By this petition, Petitioner seeks review of his detention in immigration custody.

This matter has been referred to the undersigned magistrate for review, report, and recommendation in accordance with 28 U.S.C. § 636(b)(1)(B).

## FACTUAL BACKGROUND

Petitioner, a citizen of China, was convicted of conspiracy to commit robbery and use of a firearm during and in relation to a crime of violence in 2008, for which he was sentenced to serve a total of 84 months imprisonment. Petitioner was taken into ICE custody on May 9, 2014 after being released from prison. *See* Government Exhibits A-1, A-2 and A-3.

On July 11, 2014, a Notice of Intent to Issue a Final Administrative Removal Order was issued charging that petitioner was subject to removal because he had been convicted of an aggravated felony pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii).  The Notice was served on Petitioner on July 21, 2014.  *See* Government Exhibit A-5.  At that time, a travel document request was also sent to the Consul General of the People's Republic of China.  *See* Government Exhibit A-4.

On October 8, 2014, a Final Administrative Removal Order was issued ordering that petitioner be removed to China.  *See* Government Exhibit A-6.  Petitioner did not seek judicial review.  Accordingly, his Removal Order became final that date.

A second request for a travel document was sent to the Consulate General for the People's Republic of China on November 3, 2014. *See* Government Exhibit A-7.  On January 21, 2015, assistance from the "Chinese POC" in Houston, Texas was requested.  *See* Government Exhibit A-9, pg. 4.

A decision to Continue Detention was  issued on January 26, 2015.  This decision was based on Petitioner's criminal history which was deemed to place the well-being of the public at risk, and the expectation that Petitioner's removal would be effected in the reasonably foreseeable future.  *See* Government Exhibit A-8.

Petitioner signed his petition for *habeas* relief on November 20, 2014, seeking his release from custody under an order of supervision on grounds that his post-removal-order custody violates the Constitution and principles set forth by the United States

Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

On January 18, 2015, the Court ordered the respondents to respond to this petition. The respondents have filed a response wherein they argue that the petition is premature. For the following reasons, the undersigned agrees.

## LAW AND ANALYSIS

The only issue before this court is Petitioner's challenge to his continued detention in the custody of immigration officials.

Because Petitioner is under a final order of removal, his detention is governed by § 241 of the Immigration & Nationality Act (INA). *See Byfield v. Ashcroft*, 74 Fed. Appx. 411 (5th Cir. 2003); *Agyei-Kodie v. Holder,* 418 Fed. Appx. 317, 318 (5th Cir. 2011). INA § 241(a)(1)(A) generally provides the Attorney General with 90 days to effect the removal of an alien from the United States after an order of removal becomes final.[1]  *See* INA § 241(a)(1)(A) and (B).  This period of 90 days generally begins on the date an Order of Removal becomes administratively final and is referred to as the "removal period." *See Id.*  In this case, Petitioner's Removal Order became

---

[1] By operation of INA § 241(a)(1)(B), the removal period begins on the latest of three dates:

(i) The date of the order of removal becomes administratively final.
(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

administratively final on October 8, 2014 when petitioner failed to seek judicial review. During the removal period, the alien is subject to mandatory detention. *See* INA § 241(a)(2).

Pursuant to the authority of INA § 241(a)(6), the removal period for certain criminal aliens, such as petitioner, can exceed 90 days. In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in such cases, for post-removal detention under INA §241(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas v. Davis,* 121 S.Ct. 2491, 2498 (2001); *See also Andrade v. Gonzales,* 459 F.3d 538 (5th Cir. 2006). The Supreme Court went on to recognize six months as a "presumptively reasonable" period to detain an immigration detainee following a final order of removal. *Zadvydas*, 121 S.Ct. at 2504.

It is not until after the six month "presumptively reasonable" period of detention has passed and "the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future" that the Government must respond with evidence sufficient to rebut this showing. *Zadvydas,* 121 S.Ct. at 2505. Thus, the six month presumption "does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas,* 121 S.Ct. 2505; *See also Andrade,* 459 F.3d at 543

(reiterating that the Supreme Court's holding in *Zadvydas* "creates no specific limits on detention.").

Accordingly, to state a Constitutional claim under *Zadvydas*, a detainee must not only "show post-removal order detention in excess of six months, but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future."  *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2001).  That showing has not been made in this case.

The facts recited above clearly demonstrate that Petitioner has not been in post-removal order detention in excess of six months.  Thus, Petitioner's Constitutional challenge to his continued detention is premature.  *See Agyei-Kodie,* 418 Fed. Appx. at 318 ( holding that "[a]lthough [the 90 day removal] period has expired, Agyei–Kodie has not been in post-removal-order detention longer than the presumptively reasonable six-month period set forth in *Zadvydas*. Consequently, any challenge to his continued post removal order detention is premature."); *Francis v. Holder*, 2014 WL 4207593, *3 (W.D. La. 2014) *citing Agyei-Kodie* ("Under *Zadvydas*, it is presumptively constitutional for an alien to be detained for six months after a final order of removal.  Thus, any challenge to an alien's post removal order detention is premature until six months have lapsed from the date that the petitioner's removal order became administratively final.")*; see also Jabri v. Vellegas*, 2014 WL 6663636, *3 (N.D. Tex. 2014).

Further, even though the 90 day statutory removal period has run, there is nothing before the Court to suggest that there is no significant likelihood of removing Petitioner in the reasonably foreseeable future. *Andrade*, 459 F.3d at 543; *Zadvydas*, 121 S.Ct. at 2505. To the contrary, the respondents have presented evidence demonstrating that they have been diligently working to obtain travel documents for Petitioner, and there is no evidence to suggest that Petitioner's removal is not likely to occur in the reasonably foreseeable future once the travel documents are obtained from China, or that Petitioner has been detained beyond what is reasonably necessary to bring about his removal from the United States.

However, under the circumstances, the right of Petitioner to again file for relief pursuant to 28 U.S.C. § 2241 if he has not been removed from the United States within six months from this date is reserved to him.

For these reasons,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED without prejudice**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, March 4, 2015.

_____
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE